**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

PRADEEP GUPTE
  Plaintiff,

   v.

WATERTOWN BOARD OF EDUCATION,
  Defendant.

CIVIL ACTION NO.
3:17-CV-283 (JCH)

AUGUST 24, 2018

**RULING RE: MOTION TO DISMISS THIRD AMENDED COMPLAINT (DOC. NO. 88)**

**I. INTRODUCTION**

Plaintiff Pradeep Gupte ("Gupte"), pro se, brings this action against the

Watertown Board of Education ("the Board") alleging violations of Title VII of the Civil

Rights Act, 42 U.S.C. §§ 2000e et seq., section 1981 of title 42 of the United States

Code, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq.,

the Rehabilitation Act, 29 U.S.C. §§ 29 U.S.C. et seq., the Americans with Disabilities

Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and breach of contract.  He alleges that the

Board discriminated against him on the basis of his race, color, religion, sex, age,

national origin, and disability when it terminated him after the first day of a five-day

contract.  3d. Am. Compl. (Doc. No. 87).  The Board has moved to dismiss Gupte's

claims.  Motion to Dismiss (Doc. No. 88).

For the reasons that follow, the Motion to Dismiss is granted.

**II. FACTUAL BACKGROUND[1]**

On January, 17, 2017, Gupte began working as a substitute teacher at a middle

school within the jurisdiction of the Watertown Board of Education, but was terminated

---

[1] All "facts" are taken from the Third Amended Complaint unless otherwise stated.

after his first day of work.  3d Am. Compl. at ¶¶ 4–5.  Gupte was the only "similarly situated employee" at the school who was from India, Hindu, male, a naturalized citizen, brown-skinned, and had bipolar disorder, depression, and anxiety.  Id. at ¶¶ 6–12.  Students at the school made fun of Gupte's accent.  Id. at ¶ 13.  Staff members and teachers at the school looked at Gupte with animosity and did not engage with him.  Id. at ¶ 14.  A teacher once told Gupte, "I don't like those dark-skinned 7-11 Indians."  Id.

On January 18, 2017, the defendant told Gupte that he had made several adults in the building nervous and that his demeanor was not right.  Id. at ¶ 15.  Gupte states that the defendant's impression of his demeanor was based on the fact that he was unable to find his car or the front of the school building.  Id.  The defendant never gave Gupte a tour or a map of the school at any time before or during his employment.  Id.  On January 18, 2017, the defendant also told Gupte that he was acting inappropriately, even though Gupte was doing nothing other than speaking with the person who hired him.  Id. at ¶ 16.  Gupte's contract provided that his employment would continue for at least five days.  Id. at ¶ 20.

## III. PROCEDURAL BACKGROUND

Gupte filed this action on February 17, 2017.  (Doc. No. 1).  He then filed an Amended Complaint on March 23, 2017.  (Doc. No. 15).  On May 2, 2017, the court dismissed Gupte's ADA and Rehabilitation Act claims with prejudice and allowed his Title VII and ADEA claims to proceed to service.  (Doc. No. 28).  On November 7, 2017, the court dismissed Gupte's claims without prejudice for failure to exhaust his administrative remedies.  (Doc. No. 73).

Gupte filed an appeal of the court's Ruling on November 27, 2017. (Doc. No. 76). The Second Circuit granted his Motion to Withdraw his appeal on March 22, 2018. (Doc. No. 79).

The court reopened Gupte's case on March 27, 2018, after Gupte filed a right-to-sue letter from the EEOC. (Doc. No. 80). On March 12, 2018, Gupte filed a Second Amended Complaint (Doc. No. 84), which the defendant moved to dismiss on April 2, 2018 (Doc. No. 82). Gupte filed a Third Amended Complaint on April 13, 2018 (87), and the defendant moved to dismiss that Complaint on May 2, 2018 (Doc. No. 88). On July 13, 2018, Gupte filed a Motion to Amend his Third Amended Complaint (Doc. No. 101), which the defendant has opposed (Doc. No. 102).

## IV. STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether a plaintiff has stated a legally cognizable claim by making allegations that, if true, would show that the plaintiff is entitled to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief" (alteration in original)). The court takes all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. See Crawford v. Cuomo, 796 F.3d 252, 256 (2d Cir. 2015). However, the tenet that a court must accept a complaint's allegations as true is inapplicable to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

## V. DISCUSSION

    A.    Gupte's Third Amended Complaint (Doc. No. 87) and Motion to Amend the Third Amended Complaint (Doc. No. 101)

Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely give leave to amend "when justice so requires." Fed R. Civ. P. 15(a). The decision to permit an amendment is within the district court's discretion. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). The district court may deny leave to amend "where [a] motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties." Grace v. Rosenstock, 228 F.3d 40, 53–54 (2d Cir. 2000); see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015) (court may deny leave to amend based on "undue delay, bad faith," and "dilatory motive" of the plaintiff, or where "amendment would be futile" or prejudicial). When defining prejudice, the Second Circuit "consider[s] whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute. . . ." Darowski v. Wojewoda, No. 3:15-CV-803(MPS), 2018 WL 2122822, at *2 (D. Conn. May 8, 2018) (quoting Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000)) (internal quotation marks omitted).

4

After the defendant filed a Motion to Dismiss Gupte's Second Amended Complaint, Gupte submitted a Third Amended Complaint. (Doc. No. 87). The defendant then filed a Motion to Dismiss Gupte's Third Amended Complaint, after which Gupte requested leave to amend his complaint a fourth time to add Lerz and Browne as defendants. (Doc. No. 101).

The court accepts Gupte's Third Amended Complaint as the operative complaint, but denies Gupte leave to amend his Third Amended Complaint to add Lerz and Brown as defendants because it has already dismissed Gupte's claims against Lerz and Brown with prejudice. In two Recommended Rulings, both of which have been adopted by the court, Judge Merriam dismissed Gupte's claims against Browne and Lerz under Title VII and the ADEA with prejudice because neither statute permits suits against individuals. See Doc. Nos. 8, 26; see also Patterson v. County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir. 2004). In the second Recommended Ruling, Judge Merriam dismissed Gupte's claims against Brown and Lerz under the ADA and the Rehabilitation Act with prejudice because Gupte had repeatedly failed to plead any facts in support of his claims. See Doc. No. 8. Gupte's Motion to Amend to add Lerz and Browne as defendants is denied.

B.      ADA and Rehabilitation Act Claims

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim for disability discrimination, a plaintiff must allege that "(1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was

5

otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013) (quoting Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006)). The same framework applies to Gupte's claim under the Rehabilitation Act. See Hilton v. Wright, 673 F.3d 120, 128 n.7 (2d Cir. 2012).

The Board argues that Gupte may not replead his Rehabilitation Act and ADA claims because they have already been dismissed with prejudice. See Def.'s Mem. in Supp. of Mot. to Dismiss 2d Am. Compl. ("Def.'s Mem. re 2d Am. Compl.") (Doc. No. 83) at 3; Def.'s Reply Mem. of Law in Further Supp. of Mot. to Dismiss 3d Am. Compl. ("Def.'s Reply") (Doc. No. 92) at 3. The Board also argues that Gupte has failed to state a claim for relief because none of the alleged discriminatory statements relate to Gupte's disabilities. See Def.'s Mem. of Law in Supp. of Mot. to Dismiss 3d Am. Compl. ("Def.'s Mem. re 3d Am. Compl.") (Doc. No. 89) at 5. The Board argues that Gupte failed to allege whom he informed that he was disabled or plead facts supporting a reasonable inference that he was terminated because of his disability. See id. Gupte responds that he provided "Defendant" with proof of his disability. See Pl.'s Resp. (Doc. No. 91) at 2.

Gupte may not replead his claims under the ADA and Rehabilitation Act because the court has dismissed those claims with prejudice in a prior Ruling. (Doc. No. 28). Even if the court were to reconsider those claims, Gupte has not plausibly alleged that his termination "occurred under circumstances giving rise to an inference of discrimination." Littlejohn v. City of New York, 795 F.3d 297, 312 (2d Cir. 2015). The

6

only allegation in Gupte's Third Amended Complaint relating to discrimination on the basis of disability is that Gupte was "the only similar situated employee who has a similar disability (bipolar disorder, depression, and anxiety)."  3d. Am. Compl. at 2 ¶ 10. Beyond this conclusory statement, Gupte does not identify any comparators—i.e., non-disabled employees who were similar in all material respects yet were treated more favorably than he was—or allege facts of any kind supporting his claim that Principal Lerz terminated his employment because of his disability.  See Henry v. NYC Health & Hosp. Corp., 18 F. Supp. 3d 396, 409 (S.D.N.Y. 2014) (dismissing gender discrimination claim where plaintiff did not "identify, let alone describe, any purported comparator," or similarly situated male employee, who received more favorable treatment).

Therefore, defendant's Motion to Dismiss is granted as to Gupte's ADA and Rehabilitation Act claims.

C.     Title VII Claim

In order to state a claim for discrimination under Title VII, a plaintiff must plausibly allege that "(1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).  "[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."  Id.  The standards applicable to discriminatory conduct in

violation of Title VII are also applicable to claims of discrimination in employment in violation of section 1981.  See Patterson, 375 F.3d at 225.

Gupte alleges that students at the school made fun of his accent.  3d. Am. Compl. at ¶ 13.  He also asserts that staff members and teachers at the school looked at him with "animosity" and did not "engage him as they did other similarly situated employees."  Id. at ¶ 14.  In addition, Gupte alleges that "[o]ne teacher once said to me that 'I don't like those dark skinned 7-11 Indians.'"  Id.  The Board argues that Gupte has not plausibly alleged that Principal Lerz, whom he alleges terminated his employment, made any of the alleged statements or actions, or was aware of any discriminatory conduct.  See Def.'s Mem. re 3d Am. Compl. at 5.

Gupte has failed to plausibly allege that his race, color, religion, sex, or national origin were a motivating factor in Principal Lerz's decision to terminate him.  First, Gupte does not allege that the students who made fun of his accent had any role in the decision to terminate his employment or that Principal Lerz was even aware of the students' reaction to Gupte's accent.  Second, Gupte's allegations regarding the manner in which other teachers and staff members interacted with him are unconnected to discrimination on the basis of a protected class.  Third, Gupte does not allege that the derogatory remark, "I don't like those dark-skinned 7-11 Indians," was said during Gupte's one-day tenure working for the defendant or was made by a teacher working for the defendant.  Absent any more specificity than "one teacher once said," 3d Am. Compl. at ¶ 14, it is not plausible to conclude from the alleged remark that Gupte's termination by the defendant on August 17, 2017, was motivated by his race, color, or

8

national origin.[2]  Finally, the perception that "several adults in the building" had of

Gupte's behavior as he searched for his car and the building entrance does not

plausibly support a claim of discrimination.

Although Gupte uses the term "similarly situated" in his Third Amended

Complaint, 3d. Am. Compl. at ¶¶ 6–11, he does not plead any facts regarding how

similarly situated individuals outside his protected group were treated differently than he

was.  See Littlejohn, 795 F.3d at 312 ("An inference of discrimination can arise from

circumstances including . . . the more favorable treatment of employees not in the

protected group. . . .") (internal quotation marks and citations omitted); see also

Maynard v. Stonington Cmty. Ctr., No. 3:15-cv-483 (RNC), 2017 WL 1246330, at *2 (D.

Conn. Mar. 31, 2017) (explaining that the similarly situated standard is met when

---

[2] In a sur-reply, Gupte attributed the statement denigrating "dark skinned Indians" to an "employee of Defendant."  Objection to Motion to Dismiss (Doc. No. 103) at 1.  The alleged comment by a teacher who Gupte does not claim had any role in the decision to terminate his employment, while offensive, does not plausibly support an inference of discrimination on the part of the Board.  See Tomassi v. Insignia Fin. Grp., Inc., 478 F.3d 111, 116 (2d Cir. 2007) ("The relevance of discrimination-related remarks . . . depend[s] . . . on their tendency to show that the decision-maker was motivated by assumptions or attitudes relating to the protected class."); Danzer v. Norden Sys., Inc., 151 F.3d 50, 56 (2d Cir. 1998) ("[S]tray remarks, even if made by a decision maker, do not constitute sufficient evidence [to support] a case of employment discrimination."); Brown v. Cnty. of Erie, No. 12-CV-251 (RJA), 2013 WL 885993, at *7 (W.D.N.Y. Mar. 8, 2013) ("Courts have routinely held that stray remarks by non-decision makers are insufficient, without other evidence, to raise an inference of discrimination.") (citation and internal quotation marks omitted).

Plaintiff's sur-reply was submitted without leave of court or a showing of good cause, in violation of District of Connecticut Local Civil Rule 7(d), which was provided to Gupte in defendant's Notice to Pro Se Litigant. Id. ("No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause.").  While the Second Circuit has instructed courts that a pro se litigant is entitled to "special solicitude," it has also noted that courts "should not excuse frivolous or vexatious filings by pro se litigants" and that "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citations omitted).  Gupte's sur-reply comes after defendant has already filed numerous responses to pleadings.  However, despite the multiple rounds of motion to dismiss briefing in this case and the lack of a showing of good cause, the court has considered plaintiff's sur-reply because the additional information it contains does not prejudice defendant.

"employees are 'subject to the same workplace standards' and their 'circumstances bear a reasonably close resemblance.'") (quoting Brown v. Daikin Am. Inc., 756 F.3d 219, 230 (2d Cir. 2014). Gupte's conclusory statement that he is the only similarly situated employee cannot plausibly support an inference of discrimination. See Iqbal, 556 U.S. at 678.

Gupte argues that he is not required to allege discriminatory intent because he can instead allege discriminatory impact. Resp. at 2. However, the mere fact that Gupte was terminated from his employment does not support a theory of disparate impact. Rather, to state a claim under a disparate impact theory, Gupte must allege that a specific employment practice has an unequal effect on members of a protected class. See Chin v. Port Authority of New York & New Jersey, 685 F.3d 135, 151 (2d Cir. 2012). Gupte has not pointed to any facially-neutral employment practice or pled facts showing that such a policy had a negative effect on a protected group as compared to individuals outside of that group. See Exum v. NYC Health & Hosps., Corp., No. 15-CIV-3367 (BMC), 2015 WL 5695538, at *2 (E.D.N.Y. Sept. 28, 2015) ("[Claimant] fails to allege any facts to identify a facially neutral policy, or to show that the policy disproportionately had an adverse effect on a protected class of individuals").

Therefore, Gupte's claims under Title VII are dismissed with prejudice.

D.    ADEA Claim

To state a claim for age discrimination under the ADEA, a plaintiff must plausibly allege that "(1) her employer took adverse action against her, and (2) that age was the 'but for' cause in the employer's adverse action." Simpson v. MTA/N.Y.C. Transit Auth., No. 16-CV-3783 (MKB), 2016 WL 8711077, at *4 (E.D.N.Y. Aug. 26, 2016) (citing Vega,

801 F.3d at 86); <u>Ingrassia v. Health and Hosp. Corp.</u>, 130 F. Supp. 3d 709, 720

(E.D.N.Y. 2015)).  Defendant argues that none of the claimed instances of

discrimination involved age, and that Gupte has failed to plead that his age was the "but

for" cause of his termination.  <u>See</u> Def.'s Mem. at 6.  Gupte does not respond to

defendant's argument regarding his ADEA claim.

Gupte has not alleged any facts in support of his claim that he was terminated

because of his age.  Because Gupte has failed to plead any factual allegations beyond

his conclusory claim that he was discriminated against based on his age, his ADEA

claim is dismissed.

### E.     Breach of Contract Claim

Gupte alleges breach of contract for the first time in his Third Amended

Complaint.  Because Gupte's federal causes of action are dismissed, the court cannot

exercise supplemental jurisdiction over his state law claim.  Therefore, his state law

breach of contract claim is dismissed.

## VI. CONCLUSION

For the foregoing reasons, the Board's Motion to Dismiss Plaintiff's Third

Amended Complaint (Doc. No. 88) is **GRANTED**.  Gupte's Motion to Amend (Doc. No.

101) is **DENIED**.  The Board's Motion to Dismiss Plaintiff's Second Amended Complaint

(Doc. No. 82) is **TERMINATED AS MOOT**.

**SO ORDERED.**

Dated at New Haven, Connecticut this 24th day of August, 2018.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge